## BRANT *vs.* CLARK AND MINTON.

1. The fact that a mortgagee joins with his mortgagor as surety in a bond given by the latter to a party taking a second mortgage on the property, gives the latter no lien upon the interest which the prior mortgagee had in the mortgaged premises.

2. Nor would the insolvency of the prior mortgagee and the mortgagor, in such case, entitle the junior mortgagee to priority of payment, in the absence of fraud on the part of the prior mortgagee.

---

Bill to foreclose. On exceptions to answer of defendant Minton.

*Mr. Church,* for the exceptions.

*Mr. H. C. Pitney, contra.*

THE CHANCELLOR.

The bill is filed for foreclosure and sale of certain mortgaged premises. The complainant's mortgage was given to him by Clark, and is prior in date, execution, and registry to that of the defendant Minton. The latter, in his answer, states that after the registering of the complainant's mortgage, the complainant joined as surety with Clark, the mortgagor, who still held the premises, in a bond to him, which was secured by a second mortgage on the property. He also alleges that his bond is unpaid, and that the mortgagor and the complainant are both insolvent, and that the premises are insufficient to pay both mortgages. He insists that under this state of facts, he is entitled to priority in payment of his mortgage over that of the complainant. The complainant excepts to these statements in the answer, as being impertinent.

It is obvious that the fact that the complainant joined with the mortgagor, as his surety in the bond to Minton, gives the latter no lien upon the interest which the complainant has in the mortgaged premises. *Gausen* v. *Tomlinson*, 8 *C. E. Green* 405; *Aymar* v. *Bill*, 5 *Johns. C. R.* 570. In the latter case, the holder of a mortgage on real estate, having joined with the mortgagor in the purchaser of other land, gave, with him, a mortgage of that land and the first-mentioned property, to secure part of the purchase money of the land they had so purchased together. It was held that his interest as mortgagee under the first-mentioned mortgage, did not pass by the mortgage last mentioned, and that the latter mortgage was not entitled to priority over the former. In that case, the complainant's mortgagor was not, as in this case, bound to him as a surety merely, but was a principal debtor; and he not only held a former mortgage on the premises, but, with the owner of the equity of redemption, had executed a mortgage to the complainant, covering that property, to secure the payment of his own debt. The defendant's claim to the relief he seeks in this case, must rest entirely on the fact of the alleged insolvency of the complainant and Clark, the mortgagor, for without that it has no support whatever. But

that fact does not entitle him to it. There is no allegation that the complainant has been guilty of fraud. Minton took his mortgage with notice of the existence of the complainant's mortgage, and probably, because of its existence and priority over the mortgage he was about to take, required a surety in the bond.